IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MARK A. CARMOLINGO, SR. & | : | |
| KAREN L. CARMOLINGO | : | |
| Debtor(s) | : | Bank. No. 14-17449 |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER TITLE 11 SECTION 362 AND CO-DEBTOR STAY UNDER TITLE 11 SECTION 1301

AND NOW, come Michael V. Capozzolli, Eileen Capozzoli, Ralph V. Capozzoli and Ann M. Capozzoli, who file this Motion For Relief From The Automatic Stay and Co-Debtor Stay and aver as follows:

1. On or about January 9, 2004 Michael V. Capozzolli, Eileen Capozzoli, Ralph V. Capozzoli and Ann M. Capozzoli (hereafter known as "Movants") filed a confession of judgment in the amount of Forty One Thousand One Hundred Fifty Eight Dollars and Fifty Cents ($41,158.50) against Debtors (Delaware County Court of Common Pleas 2004-000506).

2. The basis for the judgment was a commercial landlord/tenant contract between Movants and Debtors concerning a retail bakery formerly located at 16 East Hinckley Avenue, Ridley Park, PA.

3. On or about July 28, 2005 Debtors filed an action against Movants (Delaware County Court of Common Pleas 2005-008756).

4. The basis for the complaint was a property damage claim

for damaged food, service equipment and inventory allegedly caused by the entry of water into the rented real property during a rainstorm in the summer of 2003.

5. On March 26, 2007 Steven Feinstein, Esquire, (hereinafter known as "Feinstein") an associate at the law firm of Zenstein, Gallant & Parlow, P.C. (hereinafter known as " Law Firm"), entered his appearance as counsel of record for Debtors in Case No. 2004-00506 .

6. Movants and Debtors, on June 29, 2009, entered into a General Release whereby they agreed that the settlement funds of Twenty Five Thousand Dollars ($25,000.00) generated by the parties' settlement of the property damage claim, in Case No. 2005-008756, were to be held in an escrow account by Feinstein until such time as the claim in Case No. 2004-000506 was resolved. A true and correct copy of the General Release is attached as Exhibit "A".

7. The General Settlement also provided that the Twenty Five Thousand Dollar ($25,000.00) settlement fund was not to be distributed until such resolution and by mutual consent of all parties to the release.

8. Feinstein negotiated the General Release on behalf of Debtors and initialed the amendment of the date on the general release.

9. The General Release does not provide for the payment of attorney's fees and costs to Feinstein or the Law Firm from the

settlement funds of Twenty Five Thousand Dollars ($25,000.00).

10. The General Release does not provide for an accounting by Movants for any rent money paid to Movants by a subsequent tenant of the lease property.

11. Harleysville Mutual Insurance Company, on July 14, 2009, issued a check for the settlement funds of Twenty Five Thousand Dollars ($25,000.00) to the Law Firm as counsel for the Debtors.

12. It is believed Feinstein and/or the Law Firm have possession of the settlement funds.

13. Case No. 2004-00506 was decided in favor of Movants and against Debtors for the confessed amount of Forty One Thousand One Hundred Fifty Eight Dollars and Fifty Cents ($41,158.50).

14. On August 28, 2009 an Order to Settle, Discontinue and End was filed in Case No. 2005-008756.

15. Movants are, as a result of the resolution of Case No. 2004-00506 in favor of Movants, entitled to the settlement funds of Twenty Five Thousand Dollars ($25,000.00) held by either Feinstein or the Law Firm.

16. Movants, through counsel, have demanded and Feinstein and the Law Firm have refused to turn over the escrowed funds in question.

17. Debtors, on or about September 16, 2014, filed a Chapter 13 Bankruptcy Petition.

18. Movant Ralph Capazolli was listed as a creditor and

given an address of 739 Milmont Avenue, Swarthmore, PA 19081.

19. William A. George, Esquire, former counsel for Movants was listed on the matrix filed on behalf of Movants.

20. Debtors listed, on Schedule B, Paragraph 21, an asset categorized as a contingent claim valued at Twenty Thousand Dollars ($20,000) as an " insurance claim for failed prior business losses".

21. It is surmised that Debtors may have listed the aforementioned asset as relating to the state court settlement funds.

22. Debtors, in Paragraph 4 of the Statement of Financial Affairs, state that the lawsuit filed on their behalf (Case No. 2005-008756) against Movants was settled.

23. Debtors, in Paragraph 6 of the Statement of Financial Affairs, stated that Steven C. Feinstein, Esquire, of the law firm of Zenstein, Gallant & Parloe, P.C. was holding the settlement funds of Twenty Five Thousand Dollars ($25,000.00) in escrow.

24. On January 28, 2016 a First Amended Chapter 13 Plan was filed on behalf of Debtors.

25. The First Amended Chapter 13 Plan is silent as to the proposed distribution of the settlement funds of Twenty Five Thousand Dollars ($25,000.00).

26. An Order was entered on April 14, 2016 confirming the First Amended Chapter 13 Plan.

27. On December 9, 2014 Movants filed a complaint against Debtors, Feinstein and the Law Firm for the settlement funds in question (Delaware County Court of Common Pleas 2014-011010).

28. Movants are seeking a declaratory judgment and are asking the Court to find that they are entitled to the settlement fund of Twenty Five Thousand Dollars ($25,000.00).

29. Feinstein, on June 3, 2015, filed a Suggestion of Bankruptcy giving notice of the bankruptcy filing by Mark & Karen Carmolingo.

30. Movants, Feinstein, and the Law Firm are still embroiled in the 2014 lawsuit. In addition, Movants have sought court approval to add Gallant & Parlow, P.C. as an additional defendant.

31. Movants wish to proceed with their action in state court (Delaware County Court of Common Pleas 2014-011010) to allow that Court to determine the true owner of the funds in question, and to take any other action necessary to effectuate the possession said funds to the determined owner.

32. Movants do not believe that Debtors are the owners of the settlement funds in question, but are filing this motion out of an abundance of caution.

33. Movants do not believe that Steven C. Feinstein, Esquire, Zenstein, Gallant & Parlow, P.C. and Gallant & Parlow, P.C. are co-debtors but rather are fiduciaries holding funds as required under the agreement between Movants and Debtors.

34. However, Movants have filed this motion out of an abundance of caution.

WHEREFORE, Movants Michael V. Capozzolli, Eileen Capozzoli, Ralph V. Capozzoli and Ann M. Capozzoli, hereby request that this Honorable Court enter an Order allowing Movants to proceed against Mark Carmolingo, Karen Carmolingo, Steven C. Feinstein, Esquire, Zenstein, Gallant & Parlow, P.C. and Gallant & Parlow, P.C. in the Delaware County Court of Common Pleas (2014-011010) to determine the true owner of settlement funds of Twenty Five Thousand Dollars ($25,000.00) and to take any other action necessary to effectuate the possession of said funds to the determined owner.

_____
Robert H. Holber, Esquire
Law Office of Robert H. Holber, P.C.
41 East Front Street
Media, PA 19063
(610) 565-5463
Rholber@holber.com

Counsel for Movants