POWERS, KIRN & ASSOCIATES, LLC
By: Jill Manuel-Coughlin, Esquire
ID# 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Mark A. Carmolingo, Sr.<br>Karen L. Carmolingo<br><br>          Debtor(s) | Chapter 13 Proceeding<br><br>14-17449-jkf |
| Mark A. Carmolingo, Sr.<br>Karen L. Carmolingo<br><br>          Plaintiff<br><br>          v.<br>Wells Fargo Bank, NA<br><br>          Defendant | |

### STIPULATION RESOLVING DEBTORS OBJECTION TO CLAIM NUMBER 4 FILED BY WELLS FARGO BANK, N.A., AND DETERMINING DEBT NON-DISCHARGABLE UNDER 11 U.S.C. §523

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Objection to Claim filed by Mark A. Carmolingo, Sr. Karen L. Carmolingo (the "Debtors") on that certain proof of claim filed by Wells Fargo Bank, NA, ("Wells Fargo") for Claim #4-1.

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. On or about November 30, 2001, Debtors signed a Mortgage in the amount of $132,000.00 from Wells Fargo (the Loan) and secured the borrowing by executing and recording a Mortgage on the Debtors' real estate at 101 Crozerville Road, Aston Township, PA 19014 (the "Property"), recorded on February 6, 2002 in the Delaware County Recorder of Deeds (the Mortgage) with these and other documents at the inception of the Loan (referred to collectively as the Loan Documents).

2. On or about September 16, 2014, Debtors filed the above-captioned Chapter 13 Bankruptcy.



EXHIBIT
A

3.  As of the date of the Petition, the secured balance of the Loan due was $166,633.97, with a total arrearage due in the amount of $31,724.47 (the "Arrears Claim"), as referenced in the Wells Fargo Proof of Claim, Claim # 4-1 filed June 20, 2015.

4.  Debtors and Wells Fargo have reached an agreement to resolve all outstanding issues in the Chapter 13 Bankruptcy and this Stipulation sets forth that agreement in full resolution of the Objection to Claim Number 4 and binding on the parties both during the above captioned Chapter 13 Bankruptcy as set forth below.

5.  Debtors and Wells Fargo agree for purposes of this Chapter 13 Bankruptcy Case only to cap the Arrears Claim to be repaid in the Debtors' chapter 13 plan at $15,863.24, with the remainder of the amount of $15,861.23 to be deferred for repayment and deemed non-dischargeable pursuant to 11 U.S. C. § 523 if the Debtors successfully complete this case and receive a chapter 13 discharge order. The portion of the deferred arrears claim in the amount of $15,861.23 (hereinafter, the "Non- Dischargeable Claim") shall be repaid by the Debtors once the chapter 13 case is closed in sixty (60) consecutive monthly payments, commencing on the first month after the case is closed, with payment to be $264.35, and paid in addition to those regular monthly payments as they become due and payable.

6.  If the Debtors default under the terms of their Chapter 13 plan or fail to make any post-petition payments due on the Mortgage, and that default is not cured within 15 days after notice being sent to Debtors' counsel, or if there is motion to sell the Property, or this case is converted or dismissed, then the Non-Dischargeable Claim shall be due and payable in full immediately upon 5 days' notice to Debtors' counsel.

7.  All other terms, conditions and obligations under the Loan Documents signed by the Debtors on November 30, 2001 shall remain in full force and effect including but not limited to late payment charges.

8.  The parties agree that Wells Fargo may file a Notice of Post-Petition Fees, Charges and Expenses and/ or Notice of Payment Change for any escrow changes as may be required.

9. The Debtors shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments are not timely made, or if the case should convert to a Chapter 7 Bankruptcy, Wells Fargo may provide the Debtors and their counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Wells Fargo may certify the default to this Court and an Order shall be entered granting Wells Fargo relief from the automatic stay without further notice and hearing and waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

STIPULATED AND AGREED TO BY:

_____      Date: 3-15-16
CHRISTIAN A. DICICCO, Esquire
Attorney for Debtor(s)/ Plaintiff

_____      Date: 3-15-16
Jill Manuel-Coughlin, Esquire
Attorney for Defendant

NO OBJECTION *

_____      Date: 3/16/16
William C. Miller, Esquire
Trustee

On this ___ day of _____, 2016, approved by the Court.

_____
United States Bankruptcy Judge
Jean K. FitzSimon

**\*without prejudice to any trustee rights or remedies**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Mark A. Carmolingo, Sr.<br>Karen L. Carmolingo<br>             Debtor(s) | Chapter 13 Proceeding<br><br>14-17449-jkf |
| Mark A. Carmolingo, Sr.<br>Karen L. Carmolingo<br>             Plaintiff<br>          v.<br>Wells Fargo Bank, NA<br>             Defendant | |

## ORDER APPROVING STIPULATION AND DETERMINING DEBT NON-DISCHARGABLE UNDER 11 U.S.C. §523

AND NOW, this 23rd day of _____March_____, 2016, the Stipulation Resolving Debtors' Objection to the Wells Fargo Bank, NA's Proof of Claim and Wells Fargo's Objection to Confirmation is hereby approved by the Court.

_Jean K. FitzSimon_
U.S.B.J.